**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCOS CALA GONZALEZ(as an individual and on the behalf of similarly situated persons), | ) ) ) | Case: 1:23-cv-05147 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| O' HARE AUTO RECYCLING CORPORATION and DANIEL DONNELLY (Individually), | ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiff, Marcos Cala Gonzalez ("Plaintiff") as an individual and on the behalf of similarly situated persons, by and through the undersigned counsel, hereby files this Complaint against O' Hare Auto Recycling Corporation and Daniel Donnelly, individually ("Defendants"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendants' failure to pay minimum wage for all hours worked to Plaintiff and other similarly situated persons and for Defendants' retaliation against Plaintiff for engaging in protected activity under the FLSA.

2.     This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/) ("IMWL") for Defendants' failure to pay minimum wage to Plaintiff.

3.     Plaintiff's consent form to act as representative party plaintiff in this FLSA and IMWL minimum wage case is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.   This action is authorized and instituted pursuant to 29 U.S.C. §201, *et seq*.

5.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6.      This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. §1367.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Marcos Cala Gonzalez resided in Cook County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, O'Hare Auto Recycling Corporation was a corporation doing business in and for Cook County whose address is 9355 W. Bernice Street, Schiller Park, IL 60176.

9.      At all times material to the allegations in this Complaint, Defendant, Daniel Donnelly conducted business and resided in Cook County in the State of Illinois. His address is 8316 W. Argyle, Norridge, IL 60176.

## GENERAL FACTUAL ALLEGATIONS

10.      Plaintiff was employed by Defendants as a mechanic (non-exempt employee) on March 20, 2023 until his termination on or around May 12, 2023.

11.      Plaintiff's job duties included, but were not limited to, the following: fixing vehicles and replacing their parts for customers, with a focus in engine/ motor replacement; demonstrating the requisite knowledge of vehicles and their parts; diagnosing problems with

2

vehicles efficiently and accurately; and performing all other general maintenance work.

12.     Plaintiff performed a specific job which was an integral part of the business of Defendants.

13.     Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

14.     Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

15.     Defendant O'Hare Auto Recycling Corporation was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

16.     Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

17.     Defendant O'Hare Auto Recycling Corporation is owned and operated by Defendant Daniel Donnelly.

18.     In most if not all work-weeks, Plaintiff was not paid at least minimum wage for all hours worked.

19.     Beginning on or about April 24, 2023, Defendants would not pay Plaintiff his agreed upon pay rate for any hours worked, and Plaintiff has not received any payment for the hours he has worked since this date.

20.     Per Plaintiff and Defendants' agreement, Plaintiff was supposed to be paid a minimum of seven hundred dollars ($700.00) per week by Defendants.

21.     Plaintiff has been paid zero dollars ($0.00) since April 24, 2023.

22.     As a result of these violations, Plaintiff lost money working for the Employer, exacerbating the financial strain he was already experiencing as a result of not being paid minimum wage.

23.     Plaintiff engaged in protected activity on numerous occasions to complain to Defendant Donnelly about when he would be paid and why he was not receiving his promised wages.

24.     Each time Plaintiff inquired about his missing wages, Defendant Donnelly refused to answer Plaintiff and would not return his calls or discuss the matter with him.

25.     The Employer had therefore fostered an environment so unbearable that no reasonable person would be able to continue working there.

26.     Ultimately, on or around May 12, 2023, Plaintiff was terminated in retaliation for asserting his rights under the FLSA.

27.     Plaintiff continued to try to remediate the situation himself and reached out to the Employer about receiving his unpaid wages.

28.     Despite Plaintiff's efforts, the Employer continued to ignore Plaintiff and refused to return his calls.

29.     To present, Plaintiff has still not received any pay for April 24, 2023 to present.

30.     Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendant, are in Defendant's possession.

### §206(a) COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff asserts his Count I under the FLSA, pursuant to 29 §206(a) on behalf of

Plaintiff and on behalf of all similarly situated employees currently and formerly employed by Defendant.

32.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **206(a) Class: All current and former non-exempt non-salaried employees of O'Hare Auto Recycling Corporation who were not compensated at least minimum wages for all hours worked.**

33.     All potential §206(a) Class Members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wage for all hours worked.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiff on his own behalf and on behalf of all similarly-situated employees)

34.     Plaintiff hereby repeats and incorporates paragraphs 1-33 as if set forth fully herein.

35.     This count arises from Defendant O'Hare Auto Recycling Corporation's and Defendant Donnelly's violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for its failure to pay minimum wages to Plaintiff and all other similarly situated employees for all time worked.

36.     During the course of his employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

37.     Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, and were not paid for all hours worked.

38.     Pursuant to 29 U.S.C. §206, for all weeks during which Plaintiff and all other

similarly situated employees worked they were entitled to be compensated at a rate 100% of their regular rate of pay.

39.     Defendants did not compensate Plaintiff and all other similarly situated employees at a rate of 100% of their regular rate of pay for all hours worked in individual workweeks.

40.     Defendants' failure and refusal to pay minimum wages for all hours worked was a violation of the Fair Labor Standards Act, 29 U.S.C. §206.

41.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees minimum wage pay for all times worked.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Minimum Wage Violation**
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

42.     Plaintiff hereby repeats and incorporates paragraphs 1-33 as if set forth fully herein.

43.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

44.     The matters set forth in this Count arise from Defendant's violation of the minimum wage compensation provisions of the IMWL, 820 ILCS 105/4(a)(1).

45.     Plaintiff brings this action pursuant to 820 ILCS 105/4(a)(1). Pursuant to 820 ILCS 105/4(a)(1), for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the state minimum of $13.00 per hour.

46.     Defendant violated the IMWL by refusing to compensate Plaintiff for all hours worked; in fact, Defendant has actively obstructed Plaintiff from collecting his unpaid wages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of all other similarly situated employees, pray for a judgment against Defendant as follows:

6

a. A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked;

b. Liquidated damages in an amount equal to the amount of compensation found due;

c. Reasonable attorneys' fees and costs incurred in filing this action; and

d. For such other and further relief as this Court deems appropriate and just.

WHEREFORE, Plaintiff, individually, prays for a judgment against Defendant as follows:

e. A judgment in the amount of Plaintiff's regular rate of pay for all hours in which Plaintiff worked;

f. Prejudgment interest pursuant to the formula set forth in 820 ILCS 105/12(a);

g. Reasonable attorneys' fees and costs incurred in filing this action; and

h. For such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 4th day of August 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6299011
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*