UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCOS CALA GONZALEZ (as an individual and on the behalf of similarly situated persons),<br><br>Plaintiff,<br><br>v.<br><br>O' HARE AUTO RECYCLING CORPORATION and DANIEL DONNELLY (Individually),<br><br>Defendants. | Case: 1:23-cv-05147<br><br>Jury Trial Demanded |

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL DEFAULT JUDGMENT AND DAMAGES**

Plaintiff, Marcos Cala Gonzalez, ("Plaintiff") by and through the undersigned counsel, hereby moves the Court for entry of a final default judgment pursuant to F.R.C.P. 55, and in support, provides the following memorandum of law and states as follows:

### I. STATEMENT OF FACTS

1. Plaintiff was employed by Defendants as a mechanic (non-exempt employee) on March 20, 2023 until his termination on or around May 12, 2023.

2. Plaintiff's job duties included, but were not limited to, the following: fixing vehicles and replacing their parts for customers, with a focus in engine/ motor replacement; demonstrating the requisite knowledge of vehicles and their parts; diagnosing problems with vehicles efficiently and accurately; and performing all other general maintenance work.

3. Plaintiff performed a specific job which was an integral part of the business of Defendants.

4. Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

5. Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

6. Defendant O'Hare Auto Recycling Corporation was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

7. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

8. Defendant O'Hare Auto Recycling Corporation is owned and operated by Defendant Daniel Donnelly.

9. In most if not all work-weeks, Plaintiff was not paid at least minimum wage for all hours worked.

10. Beginning on or about April 24, 2023, Defendants would not pay Plaintiff his agreed upon pay rate for any hours worked, and Plaintiff has not received any payment for the hours he has worked since this date.

11. Per Plaintiff and Defendants' agreement, Plaintiff was supposed to be paid a minimum of seven hundred dollars ($700.00) per week by Defendants.

12. Plaintiff has been paid zero dollars ($0.00) since April 24, 2023.

13. As a result of these violations, Plaintiff lost money working for the Employer, exacerbating the financial strain he was already experiencing as a result of not being paid minimum

wage.

14. Plaintiff engaged in protected activity on numerous occasions to complain to Defendant Donnelly about when he would be paid and why he was not receiving his promised wages.

15. Each time Plaintiff inquired about his missing wages, Defendant Donnelly refused to answer Plaintiff and would not return his calls or discuss the matter with him.

16. The Employer had therefore fostered an environment so unbearable that no reasonable person would be able to continue working there.

17. Ultimately, on or around May 12, 2023, Plaintiff was terminated in retaliation for asserting his rights under the FLSA.

18. Plaintiff continued to try to remediate the situation himself and reached out to the Employer about receiving his unpaid wages.

19. Despite Plaintiff's efforts, the Employer continued to ignore Plaintiff and refused to return his calls.

20. To present, Plaintiff has still not received any pay for April 24, 2023 to present.

21. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendant, are in Defendant's possession.

22. Plaintiffs provide further supportive evidence of Defendant's failure to pay all wages owed attached hereto as Exhibit "A" (communications with Employer regarding wages).

## II.  ENTRY OF DEFAULT FINAL JUDGMENT

Federal Rule of Civil Procedure 55(b) provides that this Court may enter a judgment by default when a party against whom a judgment for affirmative relief is sought has failed to plead

3

or otherwise defend against an action. Fed.R.Civ.P. 55(b)(2). If the Court determines that the defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). "A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir.1983) (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979)). Damages are a sum certain when they are liquidated or can be calculated through reference to the terms of the agreement between the parties. *Id., see also,* F.D.I.C. v. Spartan Mining Co. ., Inc., 96 F.R.D. 677 (D.C.W.Va.1985); *see also*, Crowley Liner Services, Inc. v. Transtainer Corp., 2007 WL 1526955 (S.D.Fla.2007).

Pursuant to 42 U.S.C. § 2000e–5(k), the Plaintiff is entitled to recover reasonable attorney's fees and costs related to prosecuting the claim of discrimination. Affidavit in Support of Attorney's fees and costs is attached hereto as Exhibit "B."

### III. DAMAGES

#### A. Wages Owed

Plaintiff, Marcos Cala Gonzalez is entitled to the wages owed for all hours worked pursuant to FLSA. Plaintiff is entitled to the following actual wages as due and owing:

| Marcos Cala Gonzalez | Actual Damages: $1,800.00 that represents missing wages |
|---|---|

#### B. Liquidated Damages

4

The Fair Labor Standards Act §216(b) provides in pertinent part: Any employer who violates the provisions of §206 or §207, shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." See FLSA §216(b); King v. Board of Education of City of Chicago, 435 F.2d 295 (7th Cir. 1970). "Under FLSA, liquidated damages are mandatory, unless the trial court determines that the employer, while acting in good faith, reasonably believed that its conduct was consistent with the law." Jackson v. Go-Tane Servs., 56 F. App'x. 267, 273 (7th Cir. 2003); see also Perez, 55 F. Supp. 3d at 1080. Good faith is an affirmative defense that Defendants neither pleaded nor proved." Zavala-Alvarez v. Darbar Mgmt., 617 F. Supp. 3d 870 (N.D. Ill. 2022). Here, Defendant, O'Hare Auto Recycling Corporation, has failed to plead or otherwise defend the action and therefore, Plaintiff is entitled to liquidated damages.

**C. Post-Judgment Interest**

A prevailing plaintiff in federal court is entitled to post-judgment interest at a rate prescribed by statute. See 28 U.S.C.§ 1961(a); *Miller v. Artistic Cleaners*,153 F.3d 781, 785 (7th Cir. 1998). Post-judgment interest compensates the aggrieved party for the loss of money during the period proceeding to final judgment. Interest pursuant to 28 U.S.C. § 1961(a) is calculated "at a rate equal to the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the judgment, as published by the Board of Governors of the Federal Reserve System." *Flowers v. SteerPoint Mktg., LLC*, No. 1:18-cv-01618-DLP-SEB, at *4 (S.D. Ind. Apr. 8, 2020). Generally, a Plaintiff may collect interest on the judgment amount and on the attorney's

fees and the costs associated with the litigation from the date the award was entered to the date the award was paid. See *Fleming v. County of Kane, State of Ill.*,898 F.2d 553, 565 (7th Cir. 1990).

Accordingly, Plaintiff requests that the Court award him post-judgment interest from the date the award was entered to the date the award is paid.

### D. Costs and Attorney's Fees

Under the FLSA, prevailing Plaintiffs are entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. §216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); see also Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999). The "most useful starting point for determining the amount of a reasonable fee" is the lodestar amount, that is, the figure that results from multiplying the number of hours expended by plaintiff's counsel by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)."

To determine a reasonable fee, the district court uses the lodestar method, multiplying the "number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley v. Eckerhart*,461 U.S. 424, 433 (1983). The lodestar approach forms the "centerpiece" of attorneys' fee determinations, and it applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement. See *Blanchard v. Bergeron*, 489 U.S. 87 (1989). There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award. See *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 639 (7th Cir. 2011).

Reasonable hourly rate has been defined as one that is "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir.2003). An attorney's actual billing rate for similar litigation is presumed to be appropriate to use as the market rate. See id. The fee applicant bears the burden of "produc[ing] satisfactory evidence—in addition to the

attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). If a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate. See *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir.1999).

For the Court's consideration and convenience, Plaintiff attaches an updated calculation of his costs and reasonable attorney's fees he has spent to this point as Exhibit "B."

WHEREFORE, Plaintiff respectfully requests that the Court issue a final judgement imposing the following damages:

| Marcos Cala Gonzalez | Actual Damages: $1,800.00 |
| --- | --- |
| | Liquidated Damages: $1,800.00 |
| | Attorneys' Fees: $3,849.00 |
| | Costs: $482.00 |

For a total of **$7,931.00** plus the imposition of post-judgment interest.

### IV. FEDERAL RULE 69(A) AUTHORIZES PLAINTIFF TO CONDUCT DISCOVERY IN ORDER TO AID COLLECTION AND ENFORCEMENT OF THE DEFAULT JUDGMENT

There is a likelihood that the Defendant will not satisfy the Default Judgment once entered. Accordingly, in order to aid its execution and collection of the judgment, Plaintiff is requesting leave of court to conduct discovery into this narrow issue.

The federal rules of civil procedure provide as follows:

> **(2) *Obtaining Discovery*.** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

FED. R. CIV. 69(a)(2). Federal law authorizes a judgment creditor, such as Plaintiff here, to pursue discovery in order to aid its ability to enforce and collect on a judgment. In *Evans v. Chicago Football Franchise Limited Partnership,* 127 F.R.D. 492, 493 (N.D. I11. 1989), the court confirmed that the federal rules allow for a party to conduct discovery in aid of its efforts to enforce or collect a judgment, and that such discovery can be conducted following the entry of the judgment. The court relied on Rule 69(a) to support its findings that '[i]t is clear from the plain language of the rule that plaintiff may need use the federal discovery rules" in order to discover, post-judgment, information concerning defendant's assets, or to otherwise enforce or collect on that judgment. *Id*. the court highlighted the fact that the federal rules authorize a judgment creditor to use the federal discovery rules, or to proceed in a manner that is authorized by state law and practice. *Id*. Finally, the court noted that a judgment creditor can obtain discovery from a judgment debtor or even third partied without the need to file a separate lawsuit or proceeding. *Id*.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant this Motion and enter a Default Final Judgment against Defendant, O'Hare Auto Recycling Corporation.

Dated this 28th day of September, 2023.

                                                           */s/ Chad W. Eisenback*
                                                           **NATHAN C. VOLHEIM, ESQ.**
                                                           IL Bar No. 6302103
                                                           **CHAD W. EISENBACK, ESQ.**
                                                           IL Bar No. 6340657
                                                           **SULAIMAN LAW GROUP LTD.**
                                                           2500 S. Highland Avenue, Suite 200
                                                           Lombard, Illinois 60148
                                                           Phone (630) 568-3056
                                                           Fax (630) 575 - 8188
                                                           nvolheim@sulaimanlaw.com
                                                           ceisenback@sulaimanlaw.com
                                                           *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with the Clerk of the Court and has been provided via U.S. Mail on this 28th day of September, 2023, to the following:

O'Hare Auto Recycling Corporation  
9355 W. Berenice Street  
Schiller Park, IL 60176  
*Defendant*

Daniel Donnelly  
9355 W. Berenice Street  
Schiller Park, IL 60176  
*Defendant*

/s/ *Chad W. Eisenback*  
**CHAD W. EISENBACK, ESQ.**